## O'Neal v. Phillips.

1. A plea of payment stating no time at which the alleged payments were made, was demurrable.

2. Pleas alleging that the notes sued on were given to plaintiff for certain land which defendant purchased from her; that at the time of the purchase, she stated that she owned the land and the title was in her, and he, believing and relying upon these statements, purchased the land and gave the notes; that really the land did not then belong to her but to him, but he was ignorant that he was the owner; and that before this purchase he had bought the land from another, but did not know that it was embraced in that former purchase,—while they did not make out an equitable defence or cause for equitable relief to defendant, yet showed, taken together, that the notes were without consideration, and were not demurrable. There was no occasion for rescinding the contract or restoring the property to the vendor.

October 28, 1889.

Pleadings.  Payment.  Contracts.  Consideration. Vendor and purchaser.  Equity.  Rescission.  Before Judge Van Epps. City court of Atlanta.  March term, 1889.

Reported in the decision.

Simmons & Corrigan, for plaintiff in error.

Broyles & Sons, contra.

Blandford, Justice.

The defendant in error, who was the plaintiff in the court below, demurred to each of the pleas filed by the plaintiff in error. The demurrers were sustained and the pleas stricken by the court, and this is complained of as error.

1. We are of the opinion that the demurrer to the plea of payment was properly sustained by the court below, inasmuch as that plea fails to state any time as to the payments that may have been made by the defendant to the plaintiff.

2. But looking at the other pleas, and taking them together as an answer to the plaintiff's suit, we think

the court committed error in sustaining the demurrer
to those pleas. The pleas substantially allege and show
that the notes sued on in this case were without consider-
ation. They allege that the notes were given to the
plaintiff for a certain tract or parcel of land which the
defendant had purchased from the plaintiff; that the
plaintiff, at the time the sale was made, stated that she
was the owner of the land and that the title was in her;
that the defendant, believing these statements to be true,
and relying upon them, purchased the land and gave
the notes sued on; but that in truth and in fact the land
did not belong to her at the time, but belonged to the de-
fendant; that when he made the purchase he was igno-
rant that he was the owner of the land; that before this
purchase from the plaintiff, he had already bought the
land from another, and did not know that the former
purchase embraced the land he bought from the plain-
tiff; that in fact he was the owner, and she was not, at
the time of the purchase or since. If these facts are true
(and they must be taken as such, from the demurrer
filed by the plaintiff), we think they show very clearly
that there was no consideration for the notes sued on.
A contract must have a consideration. The considera-
tion is the essence and soul of the contract; without it
there is no life in the contract; it is, as the law says, a
nude pact, and no recovery can be had upon it. While
the pleas do not make out an equitable defence or cause
for equitable relief on the part of the defendant, yet we
think they do show, taking them altogether, that the
notes were made without any consideration whatever;
and therefore we think that the court erred in sustain-
ing the demurrer to these pleas.

In a case like the present it is not necessary that the
contract should have been rescinded and the property
restored to the vendor; neither a court of law or equity
could or would, under the facts alleged in these pleas,

require a restoration of the property to the plaintiff. That would be to require one to restore to another property which belonged to himself. If A purchase a horse from B, thinking at the time that the horse belongs to B, and give his note for the purchase price, B knowing at the time that the horse belongs to A, the vendee, such note would be without consideration ; and inasmuch as the horse had got into the hands to which it belonged, it would be manifestly unjust to require it to be restored to the possession of a person to whom it did not belong. So in this case, if the land belonged at the time of the purchase to the purchaser and not to the vendor, and the purchaser believed it belonged to the vendor, and the vendor knew that he had no title to it himself, there could be no sense or justice in requiring a restoration of possession of the property to the vendor. It would be taking the property that belonged to one man and giving it to another who had no claim to it. So we think the court erred in sustaining the demurrer to these pleas. The case should have been submitted under these pleas to the jury, so that they might inquire into the truth of the case from the evidence adduced before them, and if the pleas were found to be true, the verdict should be in favor of the defendant.                    *Judgment reversed.*