## PHILLIPS *v.* O'NEAL.

1. In a suit upon promissory notes given for the purchase price of land, with plea of total failure of consideration, in that the defendant at the time of the purchase relied on the plaintiff's statement that she owned the land and so gave the notes, but that in fact it did not belong to her, but to him under a former purchase by him from another, of which fact he was ignorant when he gave the notes; and the real issue being as to how far north the plaintiff's land extended, testimony by the person from whom the defendant had previously purchased, that a former owner had pointed out to him the south line of the land he had sold to plaintiff, was hearsay and irrelevant, such pointing out having been done in the absence of the plaintiff.

2. If the plaintiff fraudulently sold the defendant land which she did not own and received part of the purchase money, he would be

entitled to recover interest on the sum so paid from the date of payment; if no fraud, interest from the date of demand for repayment of the money; and if no fraud and no demand, interest from the date of the filing of the plea of set-off.

April 14, 1890.

Promissory notes. Evidence. Boundaries. Contracts. Interest. Fraud. Demand. Before Judge VAN EPPS. City Court of Atlanta. December term, 1889.

Reported in the decision.

BROYLES & SONS, for plaintiff.
SIMMONS & CORRIGAN, for defendant.

BLANDFORD, Justice.

Mrs. Phillips brought an action againstO'Neal to recover what was due upon two promissory notes. O'Neal pleaded a total failure of consideration, in that he alleged that the notes sued on were given for certain land which he bought from Mrs. Phillips; that at the time of the purchase she alleged that she was the owner of the land, and relying upon and believing these statements made by her, he gave the notes sued on; but that in truth the land did not belong to her at the time, but to him by a purchase made by him from one Love, of which fact, however, he was ignorant at the time he gave notes; wherefore, he alleged that the notes were without consideration. On the trial of the case, a deed was introduced by O'Neal, from Love to himself, which deed described the land as bounded on the south by the "true line" of Phillips' land. A bond for titles was also introduced in evidence, which described the land as sold by Phillips to O'Neal, for which the notes were given, as running north to the south line of O'Neal's land. There were also introduced in evidence certain tax executions, advertisements and other evidence as to the sale of the property of one Blackman at a tax sale, and purchase by Love; evidence that Blackman

procured Love to purchase the land at the tax sale, and that after the sale Blackman agreed to make to Love a deed to the land. The land levied on at the tax sale is described as two acres of land more or less, in the city of Atlanta in a certain lot, in a certain ward of the city, and no further description as to its boundaries was given. The court also admitted in evidence the testimony of Love to the effect that after this tax sale, and he had procured a deed to the land (which deed had also been put in evidence), Blackman and Love went upon the land, and Blackman pointed out to Love where the south line of the land was. All this was done over the proper objection of the plaintiff in error, and the main error alleged in this case is that the court erred in admitting this testimony.

1. Under our view of the case, the tax sale and purchase by Love, and what took place between Blackman and Love, had nothing to do with the case, and should have been rejected for irrelevancy. We think the testimony of Love as to what Blackman did in pointing out the line, in the absence of Mrs. Phillips, ought not to have been admitted in evidence, as it was mere hearsay, and Mrs. Phillips could not be bound by Blackman's statements to Love. The true issue in this case is, where is the north boundary of the line of Phillips' land? Did Phillips' land, when she sold to O'Neal, extend north of Pine street? If it did, she is entitled to recover on the notes sued on; if it did not, she is not entitled to recover, for she only sold her interest in the land lying north of Pine street to O'Neal's land. If there was any of her land lying north of Pine street, then O'Neal purchased it, and would be bound to pay these notes; if not, he would not be bound to pay the notes.

2. Another question made in the case is, was O'Neal entitled to recover interest upon the sum of money

which he had paid to Phillips for this land? If Phillips was guilty of fraud in selling the land to O'Neal, then O'Neal would have the right to recover the interest on the money which he had paid to her. If there was no fraud, then he would be intitled to recover interest only from the time his plea of set-off was filed in this case, unless he shows he made a demand upon Phillips for repayment of the money so paid, in which case he would have a right to recover interest on the money from the time such demand was made. But if no such demand was made, he would only be entitled to recover interest from the time his plea of set-off was filed.

We think that the issue above stated should be submitted alone by the court to the jury, together with the question of interest, and nothing else.

*Judgment reversed.*