## PRICE <em>v.</em> MOORE.

1. The failure of the court to charge the jury the law as to prescriptive title arising from seven years possession under color of title was not error.
2. The court did not err in charging the jury that a deed purporting to convey to the grantee a certain tract of land, described both by courses

and distances and by specified artificial monuments, conveyed all of the land embraced in the description; and in the absence of a written request for further instructions the court was not required to give the rule that established boundaries and known monuments, artificial or natural, referred to as boundaries in the deed, would control in case the courses and distances and the monuments did not correspond.

3. The evidence authorized the verdict in favor of the plaintiff, except as to the damages found.

No. 1884.   DECEMBER 15, 1920.

Equitable petition.    Before Judge Park.    Greene superior court.   January 2, 1920.

Mrs. Julia Moore brought petition against W. W. Price of Greene county, and W. T. Brightwell of Oglethorpe county, alleging, in part, that Guy R. Brightwell, on and prior to January 10, 1907, held title to a tract of land in Greene county, Georgia, known as the F. D. Gillen place, containing in all 117 acres, which she described in the petition; and on January 10, 1907, Guy R. Brightwell executed to petitioner a deed to a portion of this land, in which deed the land conveyed was described as follows: " That tract of land lying and being in the State of Georgia, County of Greene, known as the F. D. Gillen place, described as follows: beginning at a point on the public road leading from Maxeys to Skull Shoals, marked by a stone corner at intersection of A. J. Gillen's line; thence along said road in a westerly direction 25.40 chains to a rock corner; thence N. E. 23.25 chains to a stone or persimmon corner; thence east 25.40 chains to a stone and apple-tree corner; thence S. W. 19.70 chains along line of A. J. Gillen to said beginning point. This description is taken from plat made by J. S. Callaway (but only general description of lines is given), surveyed by said Callaway on November 19, 1906, containing 52 acres, more or less." This deed was recorded on the date of its execution.   Guy R. Brightwell, on November 14, 1916, conveyed to J. M. Wilhite the remainder of the Gillen place; and Wilhite, on January 3, 1917, conveyed the same to W. T. Brightwell, the description in each deed to the remainder of said land being as follows: " That part of the F. D. Gillen place in Greene county lying west of the part sold to Mrs. Julia Moore, adjoining lands of the said Mrs. Moore on east; public road from Maxeys to Skull Shoals and lands of B. F. Maxey on the south; lands of B, F. Maxey and the old Gillen place on the west; and W. G. Ford lands on the north; containing 65 acres, more or less; this being the

part of the place shown on plat made by J. W. Tiller on No-
vember 19, 1906, marked 30 and 35 acres, the plat being at-
tached hereto." It was alleged that the plat referred to in the
deed is that of J. S. Callaway, Tiller having never made a plat
of said land; that Price held under a bond for title from W. T.
Brightwell, which bond for title was made to Price during the
year 1917, and in which the land agreed to be sold to Price was
described as hereinbefore set out in the deed from J. M. Wilhite
to W. T. Brightwell. The defendant admitted the allegation that
he held a bond for title to 65 acres of land, more or less, lying
to the west of Mrs. Julia Moore's land; and claimed that the land
in controversy was within the description contained in the bond
for title; he also set up prescriptive title arising from seven years
possession under color of title; and moreover, that a line had been
agreed upon between the parties and acquiesced in for seven years,
and that under this agreement in regard to the line the land in
controversy was his. The jury trying the case returned a ver-
dict for the plaintiff. The defendant made a motion for a new
trial, which was overruled.

*Davidson & Lewis,* for plaintiff in error.

*John B. Gamble* and *Noel P. Park,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. While there was some evidence that the defendant and his
predecessors had been in possession of the land in controversy for
more than seven years, the court was not required to charge the
jury on prescriptive title arising from adverse possession under
color of title for seven years. The jury were given instructions
under which they were required to pass upon the question as to the
location of the western boundary of Mrs. Moore's land, and the
fixing of that line was involved in the verdict which the jury were
to find and did find under the court's charge. If the line found by
the jury is the correct line, then the defendant never had color
of title to the tract of land sued for, because the eastern boundary
of his land was identical with the western boundary of Mrs.
Moore's land. This is not a case of two persons being construc-
tively in possession of the same land under color of title. It is
impossible for the land included in the description contained in
the bond for title under which defendant holds to overlap the
land embraced in the boundaries laid down in the conveyance to

Mrs. Moore, the plaintiff; and the court gave to the jury instructions as to the ascertainment of the line between the lands of plaintiff and defendant, so as to cover the theory of the defendant that there had been a line agreed upon and acquiesced in for the statutory period; and the instruction of the court to the jury upon this subject is not excepted to.

2. The court charged the jury that "All the land embraced in that description [the description contained in the deed from Brightwell to plaintiff] was conveyed by Brightwell to Mrs. Moore. . . It is for you to say whether or not the three acres now in controversy was embraced in that description." This charge is excepted to because it failed to go further and inform the jury what should be done if there was a conflict in the description. If the defendant desired further instructions upon this subject, he should have preferred a written request for the same. It is true, as the defendant contends, that artificial monuments and old marks, if capable of identification, will generally control conflicting calls for courses and distances; and that whenever, in the description of land conveyed by a deed, known monuments are referred to as boundaries, they govern, although neither the courses nor distances nor the computed contents correspond with such boundaries. *Harris* v. *Hull,* 70 *Ga.* 841. But the fact that the contents of the boundaries were stated to be a certain number of acres, more or less, and that the monuments referred to as boundaries did not correspond precisely with the call for distances in the deed, did not raise such an ambiguity as to require the court to submit the ambiguity to the jury. It was a true proposition of law submitted by the court to the jury in his charge, that all the land embraced in the description in the deed to Mrs. Moore was conveyed to her; and the court was not bound, in the absence of a written request, to give the rule that the call for courses and distances would yield to established monuments marking the boundaries, though it would have been entirely proper and perhaps better under the circumstances for him to charge this rule. Having charged the jury that the land embraced in the description contained in her deed was conveyed to Mrs. Moore, the court fully charged the jury as to how the defendant, by a line agreed upon and acquiesced in for seven years, might be entitled to the land in controversy. And he also gave them in charge the rule for

ascertaining the correct line in the case of disputed land lines, charging in that connection as follows: "In all cases of disputed land lines the following rules shall be respected and followed: Natural landmarks, being less liable to change and not capable of counterfeit, shall be the most conclusive evidence. Ancient or genuine landmarks, such as corner stations or marked trees, shall control the courses and distances called for by the survey. If the corners are established and the lines not marked, a straight line as required by the plat shall be run; but an established marked line, though crooked, shall not be overruled. Courses and distances shall be resorted to in the absence of higher evidence. . . An acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line. Price contends that the line that he contends is the true dividing line between his land and Mrs. Moore's land has been acquiesced in by acts and declarations on the part of Mrs. Moore for more than seven years; and that he has been in the actual possession of the three acres of land, that is, he and Mr. Wilhite, under whom he claims, for more than seven years previous to the bringing of this suit."

What we have said above disposes of the two grounds of the motion for a new trial following the one specifically dealt with.

3. The verdict is not without evidence to support it, except as to the amount of damages. The mere statement in the testimony of the witness that the land would produce a bale of cotton a year, and that cotton was worth ten cents a pound, did not authorize the jury to find $50 damages, in the absence of proof of the rental value of the land, or other evidence showing the amount of damages sustained by plaintiff; and a new trial will be granted upon this ground, unless the plaintiff in the court below, within twenty days after the judgment of this court is made the judgment of the court below, shall write off from the verdict the amount of damages found. In case the plaintiff so writes off the amount of damages awarded, the judgment of the court below is affirmed.

*Judgment affirmed on condition. All the Justices concur.*