654

CRAWFORD *et al. v.* COOK.

DUCKWORTH, Chief Justice. 1. "Where each of two coterminous proprietors recognizes the ownership of the other, and that the tract of each is bounded by that of the other, the ascertainment of the true line between them fixes the extent of their respective tracts." *Phillips* v. *O'Neal,* 87 *Ga.* 727 (13 S. E. 819); *Richardson* v. *Pitts,* 127 *Ga.* 107 (56 S. E. 105); *Shirley* v. *Byrd,* 162 *Ga.* 598, 604 (134 S. E. 316).

2. Where, as here, the real plaintiff and the defendants in the present action in the fictitious form of ejectment stipulated that they were coterminous owners and that the only question at issue was as to the true dividing line between their lands, the evidence was sufficient to show that the true dividing line was as claimed by the plaintiff, and, accordingly, the jury was authorized to return the verdict in her favor.

3. Since the deeds of the parties did not show any overlapping of description as to title, and the fixing of the dividing line as claimed by the plaintiff necessarily determined that the defendants never had color of title to the portion of the land in dispute, because the eastern boundary of the defendants' land was identical with the western boundary of the plaintiff's land, the court did not err in failing to charge the law as to prescription by color of title and seven years' adverse possession. *Price* v. *Moore,* 150 *Ga.* 713, 715 (1) (105 S. E. 302); *Brown* v. *Hester,* 169 *Ga.* 410 (150 S. E. 556); *Wight* v. *Davis,* 202 *Ga.* 239 (42 S. E. 2d, 641). Nor did the court err in failing to charge on the law of prescription by 20 years' adverse possession, since the evidence did not show such possession. *Judgment affirmed. All the Justices concur.*

No. 16439. JANUARY 11, 1949.

*Thomas C. Benton* and *George L. Goode,* for plaintiffs in error.

*Ollie Mae Stowe* and *Owen & Gross,* contra.