ROGERS v. MOORE.

No. 17166. JULY 12, 1950.

*R. F. Chance* and *Harbin M. King*, for plaintiff.

ALMAND, Justice. W. N. Rogers filed his petition against E. Leonard Moore to recover a small tract of land in lot 179 of the 15th district of the 3rd section of Gordon County. It was alleged that the plaintiff went into possession of the property in dispute under a bond for title in July, 1930, and in 1934 acquired the land by warranty deed; that the defendant owns the tract of land south of the tract of plaintiff, having acquired title to the same in 1946; that the plaintiff and the defendant claimed under a common grantor; and that, when the plaintiff went into possession of the tract in 1930, he began cultivating the land up to the southern boundary of the tract, which was the northern boundary of the defendant's tract, according to the stakes on the property at the time he went into possession, indicating the east and west termini of the southern boundary line, and according to the lines marked by blazed trees, and the plaintiff had been in possession of such property until 1947, when the defendant constructed a fence across the plaintiff's land 125 feet north of plaintiff's southern boundary line. It was further alleged that prior coterminous owners, predecessors in title of the defendant, had acquiesced in the southern boundary line established and defined by the stakes and marked trees for more than ten years, and during all of that time had recognized the plaintiff's claim as to the true boundary line by themselves cultivating the land up to the line claimed by the plaintiff and not objecting to the plaintiff's cultivation of the land up to the line claimed by him. It was also alleged that the plaintiff had for more than ten years notoriously and adversely held said lands under color of title. The prayers were for the recovery of possession of the land and mesne profits.

The defendant in his answer denied all the material allegations of the petition. On the trial before the court and a jury, a

verdict was returned for the defendant. The plaintiff's motion for a new trial, on the general and special grounds, was overruled, and error is assigned on the order overruling such motion.

Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected. Code, § 85-1603. Adverse possession of land under written evidence of title for seven years gives good title by prescription. § 85-407. Actual possession of land is evidenced by cultivation, or any use or occupation which is so notorious as to attract the attention of every adverse claimant and so exclusive as to prevent actual occupation by another. § 85-403. Acquiescence for seven years by acts or declarations of adjoining landowners is sufficient to establish a dividing line. § 85-1602.

It appears without dispute that the plaintiff and defendant are coterminous owners, deriving their respective titles from a common grantor, and that the southern boundary of the plaintiff's land adjoins the defendant's land; and the question the jury had to resolve was the location of the boundary line between the coterminous owners. *Dye* v. *Dotson*, 201 *Ga.* 1 (39 S. E. 2d, 8). The undisputed evidence in this case was: that the plaintiff went into possession of his tract in 1930, and thereafter acquired title to the same in 1934, and was in possession in 1947 when the defendant erected a fence along a line, which the plaintiff asserts was at one point 125 feet north of the southern boundary line of his tract; that during this time the plaintiff had cultivated and occupied the land up to the stakes which identified the tract that he went into possession of, indicating the southern boundary line of his tract. One G. D. Foster, a predecessor in title of the defendant, testified: that he acquired the tract now owned by the defendant in 1935 and occupied it until 1944, when he sold it to S. Z. Moore; that, during the time he owned the property, he cultivated his land up to the line as claimed by the plaintiff as the agreed line; that, when he sold his tract to Moore, he pointed out to him the line claimed by the plaintiff as being the correct boundary line; and that it was understood between him and the plaintiff that this was the true line between the two tracts. It thus appears that the defendant's predecessors in title recognized and acquiesced in such boundary line as claimed by the plaintiff for more than seven years. Dur-

ing the year that S. Z. Moore owned the property, there was evidence that the plaintiff cultivated the land up to the line claimed by him, and at no time did Moore dispute the plaintiff's claim as to the correct line. Several witnesses testified that the plaintiff had for more than ten years cultivated the land up to the line contended for by the plaintiff. There is no dispute in the evidence that the defendant had erected a wire fence on the line he claimed to be the northern boundary of his tract, which at one point is 125 feet north of the line claimed to be the true line by the plaintiff.

The defendant relied on his deed. The deeds introduced in evidence by the defendant referred to a plat which had been made by a surveyor named R. A. Smith in 1929; and the plaintiff's deed referred to this plat and also to a plat made by the plaintiff in 1933 from the Smith plat; and these plats showed the southern boundary line of the plaintiff's tract to be south 80 degrees 15 minutes west 915 feet, whereas the line claimed by the plaintiff is claimed to be south 74 degrees 10 minutes west 992 feet. Smith testified that the fence erected by the defendant was on the line indicated by the plat of 1929. All that this evidence amounted to was to prove that, under the description in the deeds, the southern boundary line of the plaintiff's tract was along the line where the fence had been erected by the defendant. This testimony in no wise contradicted the undisputed evidence of the plaintiff that the defendant's predecessors in title and the plaintiff, by acts and declarations for more than seven years, had acquiesced in the dividing line contended for by the plaintiff. Such acquiescence would establish the true line between the adjoining owners, whether it be the original line or not. *Henderson* v. *Walker*, 157 *Ga.* 856 (122 S. E. 613) ; *Tietjen* v. *Dobson*, 170 *Ga.* 123 (152 S. E. 222). "Where each of two coterminous proprietors recognizes the ownership of the other, and that the tract of each is bounded by the other, the ascertainment of the true line between them fixes the extent of their respective tracts." *Phillips* v. *O'Neal*, 87 *Ga.* 727 (1) (13 S. E. 819). Only one other witness testified for the defendant, and he testified as to his knowledge about the two respective tracts; but his evidence as to where the line between the tracts was located was just as favorable to the plaintiff as it was to the de-

fendant, and his inconclusive testimony does not contradict the positive and direct evidence of the plaintiff's witnesses that the parties had for more than seven years acquiesced in the line claimed by the plaintiff.

The evidence in this case demanded a finding that the dividing line contended for by the plaintiff was the true dividing line between the respective tracts of land claimed by the plaintiff and the defendant, and the verdict finding in favor of the defendant was without evidence to support it.

In view of the foregoing ruling, it becomes unnecessary to pass upon the special grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*