36729. CHANDLER *v.* SOUTHERN UNION CONFERENCE OF SEVENTH DAY ADVENTISTS.

TOWNSEND, J. 1. A plea of payment must allege the amount paid, and how, and when and to whom the payment was made. *O'Neal* v. *Phillips,* 83 *Ga.* 556 (10 S. E. 352); *Thomas & Mc-Cafferty* v. *Siesel,* 2 *Ga. App.* 663 (58 S. E. 1131); *Linam* v. *Anderson,* 12 *Ga. App.* 735 (78 S. E. 424).

2. Where fraud is relied on to vitiate a transaction, the acts alleged to have fraudulently induced the opposite party to sign the contract must be specially pleaded. Mere loose or general allegations of fraud are never sufficient. *Jones* v. *Robinson,* 172 *Ga.* 746 (158 S. E. 752); *Napier* v. *Central Ga. Bank,* 68 *Ga.* 637 (5a); *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (3) (65 S. E. 315); *James* v. *Kelley,* 107 *Ga.* 446 (33 S. E. 425, 73 Am. St. R. 135).

3. The defendant, in an action against him on a promissory note, answered as follows: "Said note was obtained from him by fraud, in that prior to the signing of same he was buying and selling automobiles for plaintiff and dealing with one Harry Schneider, agent of plaintiff; that he sold an automobile belonging to plaintiff and tendered the money to Schneider and

that Schneider, acting with full authority for plaintiff, advised defendant to retain the money and invest same in deals for the plaintiff and that plaintiff would give him one half of the profits; that on the date of signing said note Schneider asked defendant to sign said note just as a matter of form; that he would never be called on to pay same because the services he had rendered said plaintiff had more than paid said note; that defendant continued to render valuable services to plaintiff in the buying and selling of automobiles and his one half of the profits, so he was informed, were being credited to his account; that later on Schneider asked defendant to pay the sum of $200 on said note, which plaintiff did; that he asked Schneider for an accounting but was put off with the statement that . . . he did not owe said plaintiff any money."

(a) This plea does not amount, as contended, to a plea of failure of consideration, since it is nowhere contended that defendant did not receive the amount of money which the note represented.

(b) The plea totally fails to set forth facts showing that the profits from the sale of automobiles owing by plaintiff to defendant equalled or exceeded the indebtedness represented by the note, nor does it show what services defendant claims to have rendered to the plaintiff, nor any reason why he cannot supply such information as to the money which he invested for the plaintiff in buying and selling automobiles. It accordingly fails to set up any defense, as contended, either as to payment, fraud, or failure of consideration, and was properly stricken on demurrer.

The trial court did not err in striking the defendant's answer and thereafter entering up judgment for the plaintiff as by default. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED MAY 17, 1957.

*Francis Y. Fife, Marvin G. Russell*, for plaintiff in error.
*Arnold & Harris, Robert B. Harris, Nancy Pat Phillips*, contra.