21185. CLAY *et al.* v. STANFIELD *et al.*

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961—
REHEARING DENIED APRIL 20, 1961.

*J. Sidney Lanier, Murray C. Underwood, Elijah A. Brown,* for plaintiffs in error.

*Frank R. Lea,* contra.

HEAD, Presiding Justice. In an action asserting title to a strip of land seven feet wide located at the rear of the properties of the coterminous owners, the jury returned a verdict for the plaintiffs, W. C. Stanfield and wife, Elizabeth Stanfield, and a judgment was entered decreeing title in them. The motion for new trial, as amended, of the defendants, Harold O. Clay, Virgil C. Clay, and H. S. Griffith, was denied, and the exception is to this judgment.

" 'Where each of two coterminous proprietors recognizes the ownership of the other, and that the tract of each is bounded by that of the other, the ascertainment of the true line between them fixes the extent of their respective tracts.' *Phillips v. O'Neal,* 87 Ga. 727 (13 S. E. 819); *Richardson v. Pitts,* 127 Ga. 107 (56 S. E. 105); *Shirley v. Byrd,* 162 Ga. 598, 604 (134 S. E. 316)." *Crawford v. Cook,* 204 Ga. 654 (51 S. E. 2d 422). In the present case the location of the property line between the parties was the sole issue.

"An unascertained or disputed boundary line between coterminous proprietors may be established either (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise executed or (2) by acquiescence for seven years, by acts or declarations of owners of adjoining land, as provided by the *Code,* § 85-1602. *Gornto v. Wilson,* 141 Ga. 597 (2) (81 S. E. 860); *Hart v. Carter,* 150 Ga. 289 (103 S. E. 457); *Barfield v. Birrick,* 151 Ga. 618 (2) 108 S. E. 43); *Farr v. Woolfolk,* 118 Ga. 277 (2) (45 S. E. 230); *Osteen v. Wynn,* 131 Ga. 209 (3, 4) (62 S. E. 37, 127 Am. St. Rep. 212); *Brown v. Hester,* [169 Ga. 410, 150 S. E. 556]." *Bradley*

*v. Shelton,* 189 Ga. 696 (4) (7 S. E. 2d 261). There is no evidence in the present case of an oral agreement between the parties, accompanied by possession, nor is there any evidence of acquiescence for seven years by acts and declarations of the adjoining owners. The Clays had not owned their lot for seven years when the suit was filed, and their predecessor in title did not testify.

In the original deed to the Clays, executed on December 22, 1950, their property is described as Lot 30 in Block B of the subdivision of the J. L. Sims property, and the north and south side lines of the lot are each described as being 145 feet, more or less. The plat of the property introduced in evidence shows the north side line of Lot 30 to be 174 feet, and the south side line, 170 feet. The deed of correction executed to the Clays after the suit was filed describes the north side line as being 154.5 feet, and the south side line, 147 feet.

Counsel for the defendants strongly urge that reference to a recorded plat in a deed has the effect of incorporating the plat into the description. This is the general rule. *Hardy v. Brannen,* 194 Ga. 252, 254 (21 S. E. 2d 417); *Spencer v. Poole,* 207 Ga. 155 (2) (60 S. E. 2d 371). In the present case, however, the Clays, with notice of the distance and the lines shown on the plat, accepted a deed of correction, while the litigation was pending. The Clays and their grantor, Kassars, are bound by the recitals in the deed of correction to the extent that the Clays, by the acceptance of such deed, have conceded that the plat does not correctly describe their land. The recitals in a deed are binding only upon the parties thereto and their privies. *Tift v. Golden Hardware Co.,* 204 Ga. 654, 667 (51 S. E. 2d 435).

As to the defendant Griffith, the plat describes the north side line of his lot (Lot No. 29) as being 178 feet, and the south side line, which is the north line of the Clay property, as being 174 feet; whereas the deed to Griffith describes the north line as 157 feet and the south line, 154 feet. Mrs. Griffith testified that the lines were 154 feet and 152 feet, respectively, and that a sidewalk seven feet wide fronting their property was constructed at the time the street was paved. From an examination of the deeds of the defendants, compared with the plat, and the testimony

in conjunction therewith, the conclusion is inescapable that the plat is in error as to the depth of the defendants' lots. This fact was conclusively determined from the survey made by the City Engineer pursuant to the pre-trial order of Judge Wood of Fulton Superior Court.

Counsel for the defendants urge that two of the deeds in the plaintiffs' chain of title recite 194 feet, more or less. This is true. The original deed, however, was definite in description, and the last two deeds in their chain of title describe the depth of the lot as being 194 feet. It therefore appears that the plaintiffs and their predecessors in title had been in possession of their property more than seven years prior to the time the suit was filed, under deeds that were certain, positive, and specific.

W. B. Adams, City Engineer, in response to the order of Judge Wood herein referred to, certified that he had surveyed the line, and that: the north line of the Stanfield property is 193 feet; the distance between Myrtle Street, on which the plaintiffs' property fronts, and the east right of way of Sims Street, on which the defendants' property fronts, is 340.9 feet; and the north line of the Clay property, being the south line of the Griffith property, is 147.9 feet. He further certified that the measurements were sufficient to show seven feet of land lacking, in order to give the plaintiffs and the defendants the dimensions in depth called for by their deeds.

There was no evidence in the case that would support a finding for the defendants. The survey made by the City Engineer, if accepted as true (and it was not attacked in any manner), demanded the verdict returned by the jury in favor of the plaintiffs. Since the evidence demanded the verdict, the alleged errors in the charge of the court will not be considered.

Ground 4 of the amended motion for new trial assigns error on certain testimony of the plaintiff, W. C. Stanfield. This ground asserts that the evidence objected to is to be found on "page 1 of Memorandum of Motions and Objections, attached hereto." There is no Memorandum of Motions and Objections attached, nor is the evidence otherwise identified, and this ground of the motion presents nothing for review.

*Judgment affirmed. All the Justices concur.*