## 33287. FORTE v. LEWIS et al.

UNDERCOFLER, Presiding Justice.

This is a land line case involving the location of the original land lot line dividing the parties' property. Plaintiff Forte contended at the jury trial that the line ran along certain fences and down the middle line of a public road, closed officially by the county in 1974. Lewis, who presented testimony by a surveyor placing the line inside Forte's fence, argued that the entire road belonged to him. The jury found in favor of Lewis. Forte appeals. We affirm.

1. In view of this conflicting testimony, the trial court did not err, as Forte urges, in refusing to grant his motion for directed verdict, motion notwithstanding the verdict and motion for new trial as to the location of the land line. We do not find that Lewis stipulated that the middle of the road was the original land lot line dividing the parties' property. Enumerations of error 1, 2 and 3 thus have no merit.

2. In his fourth enumeration of error, Forte contends the trial court erred in sustaining Lewis' objection to his testimony regarding a statement made by a member of the survey party to him at the time the survey was made. The ground of the objection was hearsay. Forte claims the objection was improperly sustained because it was a statement against interest made by the principal's agent during the course of the survey, the res gestae. We do not agree.

In *Blair v. Smith,* 201 Ga. 747, 748 (41 SE2d 133) (1947), quoting the Court of Appeals, we said: "Under the Georgia statute and decisions, the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and

independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." There is nothing in the record to indicate that the surveyor was anything but an independent contractor under this definition. Since the surveyor was not Lewis' agent, his statements, even if related to the res gestae—the location of the land lot line, were not binding on Lewis as admissions against interest under the hearsay exception. A fortiori, a statement by the surveyor's employee would, likewise, not be admissible under this exception.

3. In Forte's fifth enumeration of error, he contends that the court erred in permitting his surveyor to answer a hypothetical question, on cross examination by Lewis, which assumed facts Forte claims were not supported by the record. Evidence of an agreement concerning a pond was introduced from which the jury could infer a relationship between the land lot line and the location of the pond. This was a fact issue for the jury's determination and the jurors were so instructed at the time of the objection by the court. Therefore, the court did not err in allowing the hypothetical question to be answered.

4. The charge on Code Ann. § 85-1601 was proper and adjusted to the evidence. Enumeration 7 has no merit.

5. Enumerations 8 and 9 contest the charge by the trial court. A review of the record and trial transcript convinces us that the only issue in the case was the location of the original land lot line, which the deeds of both parties fixed as the boundary between them. The court charged, "[w]here evidence discloses that according to deeds there is no overlapping of boundaries of adjacent owners, but the boundary in each deed is the same, no mutual constructive possession is involved, and each has good prescriptive title to wherever the true line may be." This charge, to which there was no objection, precluded the questions of adverse possession under color of title and trespass and was consistent with the contentions of the parties in their pleadings and at trial. *Seaboard A.L.R. Co. v. Taylor,* 214 Ga. 212 (104 SE2d 106) (1958); *Crawford v. Cook,* 204 Ga. 654 (51 SE2d 422) (1949); *Price*

*v. Moore,* 150 Ga. 713 (105 SE 302) (1920). Therefore the court properly refused to give Forte's request to charge on adverse possession and trespass.

6. The enumerations of error were inadvertently misnumbered and no Enumeration No. 6 appears.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 14, 1978 — DECIDED FEBRUARY 28, 1978 — REHEARING DENIED MARCH 28, 1978.

*Bennett, Wisenbaker & Bennett, Reginald C. Wisenbaker,* for appellant.

*Perry & Franklin, W. S. Perry,* for appellees.