39570. HARRELL et al. v. HARRELL.

WELTNER, Justice.

Hazel Harrell conveyed to her two sons by warranty deed a tract of land "subject, however, to life estates which are hereby expressly

reserved unto the said Hazel Harrell and her husband, E. M. Harrell." Subsequently, she executed in reference to this tract and other lands a second warranty deed to her sons, referring to the first deed and reciting that "through inadvertence [she had] reserved a life estate in herself and her husband, E. M. Harrell."

1. The trial court held that E. M. Harrell acquired a life estate by virtue of the first deed, which estate was not divested by the second. We agree, and affirm this ruling. *Roe v. Doe,* 246 Ga. 138, 139 (1) (268 SE2d 901) (1980); *Martin v. Heard,* 239 Ga. 816 (238 SE2d 899) (1977); *Rollins v. Davis,* 96 Ga. 107 (23 SE 392) (1895). The case of *Deaver v. Aaron,* 159 Ga. 597 (126 SE 382) (1924), was overruled *sub silentio* by *Roe v. Doe,* supra, and *Martin v. Heard,* supra, and now is expressly overruled.

2. The wife's second deed recited that the reservation of life estates in the first deed was "through inadvertence." We have already determined that the first deed was sufficient to create a life estate in the husband, which vested upon delivery of the first deed, and remains, as to his interest, unaffected by the second deed. As between the wife and the grantees, however, the second deed had the effect, by reformation, of eliminating *ab initio* the life estate reserved by the first deed to the wife, not of conveying that life estate to the grantees. *Clay v. Stanfield,* 216 Ga. 785, 786 (119 SE2d 564) (1961); *Deck v. Deck,* 195 Ga. 404 (24 SE2d 303) (1934).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 16, 1983 —
REHEARING DENIED APRIL 5, 1983.

*W. Douglas Adams,* for appellants.
*J. Edwin Peavy,* for appellee.