## Thompson *v.* Simmons.

Evans, P. J.   1. The action was in ejectment, and the ownership of the locus in quo turned upon the location of the boundary line between the parties to the cause.   In an instruction upon the rule that acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line, the court charged: "Acquiescence is defined in this way: to acquiesce means to rest satisfied without opposition, to submit without opposition or question, to yield assent; that is the definition.   It must be done by acts or declarations on the part of those who are claimed to have acquiesced in it."   Such instruction was not erroneous.

2. The evidence authorized a charge on the subject of acquiescence, and in so far as the requests to charge on that subject were pertinent and legal they were sufficiently covered by the general charge.

3. The evidence authorized the verdict.

*Judgment affirmed.   All the Justices concur, except Fish, C. J., absent.*

                    February 10, 1915.

Complaint for land.   Before Judge Roan.   Newton superior court.   September 6, 1913.

*Rogers & Knox,* for plaintiff.   *C. C. King,* for defendant.