20708. LEMMONS *et al. v.* CITY OF DECATUR *et al.*

WYATT, Presiding Justice. The petition in the instant case shows that R. E. Lemmons and Nathan Teplis entered into a contract to purchase a described piece of property in Decatur, Georgia. The contract was "subject to purchaser getting permit for a 40 unit apartment with minimum of 800 square feet per unit. Also contract is subject to seller getting sewerage running to the entrance of the extreme southern portion of said property without cost to the purchaser." Lemmons and Teplis, two of the plaintiffs in this case, applied to the city commission for a building permit. At the hearing on the application, which, under the allegations of the petition, was in regular order, opposition to the grant of the permit developed and an amendment to the zoning regulations was proposed. The city commission then deferred action on the application for a building permit, and upon the amendment to the zoning regulations, pending an examination of the proposed amendment by the city attorney. Lemmons, Teplis, and Willis, the owner of the property, then brought a petition for mandamus against the City of Decatur, the clerk of said city, and the city commission, alleging that they had complied in every way with the present zoning regulations and were entitled to a permit then and there under the then existing regulations.

A general demurrer to the petition was sustained. The exception here is to this judgment. *Held*:

It will be seen that, under the allegations of the petition, the application for the building permit was not made by the owner of the property, but by persons who had contracted to buy the property subject to stated conditions, which, under the allegations, have not occurred and may never occur. The petition alleges "that the acts of R. E. Lemmons and Nathan Teplis in attempting to secure a building permit on said property were and are ratified and confirmed and said acts so performed were and are done as fully as if said plaintiff James W. Willis were doing the same himself. That the acts were done in the stead of said plaintiff Willis and for Willis." This allegation is, however, only a conclusion, which is entirely unsupported by the allegations of fact contained in the petition. There is no allegation of fact which would support a conclusion of agency. In fact the petition shows that Lemmons and Teplis were acting for and in behalf of themselves. An act can not be subject to ratification unless done in behalf of the person adopting it and attempting to ratify it. *Render* v. *Jones Mercantile Co.*, 33 *Ga. App.* 394 (126 S. E. 159). It therefore appears that these petitioners, two of whom have no legal interest in the property, and the third, who is the owner of the property but has made no application for a permit, do not have such a clear legal right to the relief sought as to entitle them to a writ of mandamus directing the City Commission of Decatur to issue them a permit. Accordingly, the judgment sustaining the general demurrer to the petition was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 10, 1959—DECIDED JANUARY 8, 1960.

*McFarland & Cooper, Martin McFarland, Walter G. Cooper,* for plaintiffs in error.

*B. Hugh Burgess, Zachary & Hunter,* contra.