40211. STRIPLAND v. NALLEY et al.

RUSSELL, Judge. 1. Where, although the trial court directed a verdict in favor of the defendant in error, there is no assignment of error except that complaining of the overruling of the motion for a new trial on the general grounds, this court will consider only whether there is any evidence to support the verdict as rendered and will not look to see whether it was demanded. *Lewis v. Cairo Banking Co.,* 31 Ga. App. 532 (121 SE 695).

2. " 'Under the Code [§ 85-1602], acquiescence in a dividing line for a period of seven years or more will operate to establish the line, without regard to any previous parol agreement between the parties as to the line.' *Brown v. Hester,* 169 Ga. 410 (2) (150 SE 556); *Williamson v. Prather,* 188 Ga. 545 (1) (4 SE2d 140). To establish a line by acquiescence, it must appear that the owners of the property to be affected thereby either acted in such a manner or made such declarations for a period of seven years as to show that the line claimed was the true line between their lands." *Greenway v. Altman,* 89 Ga. App. 557, 561 (80 SE2d 89). "[A]ctual possession by the respective owners up to the line may show acquiescence in the line. *Tietjen v. Dobson,* 170 Ga. 124 (152 SE 222, 69 ALR 1408)." *Dye v. Dotson,* 201 Ga. 1, 5 (39 SE2d 8).

3. The testimony in this processioning case includes (a) that of the son of a predecessor in title of the applicant who sought to have the south line of his property run anew, which witness testified that he had cultivated the farm for his father and had been familiar with it all his life; that his family and the Nalley family to the south had an accepted line between the two tracts as long as he can remember which was indicated by marked trees, a little ditch known as a turn-row or turn-ditch, and a fence erected by the applicant in 1951 or

1952, and that he had cultivated the land up to this fence during his father's life; (b) testimony of a brother of the protestants that he had been familiar with the property and the land line in question since the middle 1930's; that he lived on the land now owned by the applicant; that he cultivated the land up to the line contended for by the protestants and always respected that line and he helped his father cultivate the tract to the south up to this same line at a later time; that the fence separating the two tracts had been there more than seven years in his opinion, and that the marked tree a picture of which was introduced in evidence was on the line. There was other evidence that the tree was recognized as marking the line between the two tracts of land. (c) The applicant, who purchased the property in 1950, admitted that he had never been in possession of the 65 foot disputed strip south of the fence and north of the land lot line marked by the processioners. (d) One of the processioners testified that there was nothing to indicate whether they ran the right or the wrong line; that they had no intention of running a line along the marked trees, the turn-row and fence (which were pointed out to them); that they started at a land lot corner about a quarter of a mile east of the land lots here involved and ran the line west to a point which they designated as the southwest corner of the applicant's land, but merely projected it without running it to any other known line. (e) Another processioner, corroborating this testimony, when asked how he arrived at the line found, stated, "Well, we just had to go by the instruments, that was all."

"The duty of processioners in fixing and marking anew established lines is not to locate them as they originally ought to have been laid out, but only to fix and determine the boundaries as they actually exist (*Boyce v. Cook*, 140 Ga. 360, 78 SE 1057; *Langley v. Woodruff*, 144 Ga. 702, 87 SE 1054)." *Cosby v. Reid*, 21 Ga. App. 604 (1) (94 SE 824). The testimony is ample to support the verdict finding against the return of the processioners, both as to the fact that there existed a marked boundary which had been recognized and acquiesced in by coterminous landowners for a period of more than seven years, and the fact that the processioners illegally disregarded and ignored evidence of possession, misconstruing their duty to be merely to locate the original land line on the

earth's surface, and thus marked a line having no relation to the evidence of the boundaries as they actually existed.

The trial court did not err, after directing a verdict in favor of the protestants on their appeal from the award of the processioners, in overruling the motion of the applicant for a new trial on the general grounds.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 13, 1963.

*Jess H. Watson*, for plaintiff in error.
*Leon Boling*, contra.