25631. KIKER v. ANDERSON.

ARGUED JANUARY 14, 1970—DECIDED FEBRUARY 5, 1970.

*Wright, Walther & Morgan, Clinton J. Morgan,* for appellant.
*Herman J. Spence, Bobby C. Milam,* for appellee.

MOBLEY, Presiding Justice. This is an action to enjoin a trespass, and for damages, brought by C. W. Kiker against W. O. Anderson. The real issue is the dividing line between

the parties. The jury found the dividing line to be an old fence, as claimed by the defendant, and the appeal by the plaintiff is from the judgment entered on this verdict.

The plaintiff has title by deed to Land Lot 297 in the 8th District and 2nd Section of Fannin County, and the defendant has title by deed to a part of Land Lot 316, which adjoins Lot 297. The land in dispute is in Lot 297, and is the land between an old fence, and the original land-lot line dividing Lots 297 and 316, as indicated by a survey of the land-lot line made for the plaintiff. The defendant has built a road on this disputed property, which the plaintiff contends is a trespass on his land.

The defendant contends in his first defense that the true dividing line is marked by a barbed wire fence, which was erected in 1915, and which has been continuously in existence since that time, except for a portion destroyed by the cutting of a State Highway by-pass through it. In his second defense he alleged that in 1915 Mrs. S. J. Wall, a predecessor in title of the defendant, and L. B. Crawford, a predecessor in title of the plaintiff, acting through his son and agent, Dr. C. B. Crawford, entered into an agreement as to the dividing line between them and erected a fence marking the line, a substantial portion of the fence being still in existence. The other defenses alleged acquiescence in the fence as a boundary line for more than seven years, and adverse possession of the property in controversy.

■ Error is assigned on the court's refusal to permit the plaintiff to testify that he had never acquiesced in the fence being the line. Counsel for the defendant objected to this question on the ground that it called for a conclusion of the witness. This objection was sustained. Counsel was then permitted to ask the plaintiff if he had ever done anything that would indicate that he had acquiesced in the fence being the line.

In order to establish a dividing line, acquiescence in a boundary line for seven years must be by acts and declarations of the adjoining landowners. *Code* § 85-1602; *Thompson v. Simmons*, 143 Ga. 95 (84 SE 370). There was no error in refusing

to permit the plaintiff to testify to the conclusion that he had not acquiesced in the fence as a boundary line.

■ Error is assigned on the court's refusal to strike the testimony of the defendant that they put the fence as close to the land-lot line as "you can put a fence." The testimony of the defendant shows that he did not know how close the fence was to the land-lot line, and the testimony objected to should have been excluded. However, in our opinion this testimony was not harmful to the plaintiff in the context of the other testimony of the defendant, and with the statement of the defendant's counsel that his client had stated that he did not know whether the fence was exactly on the line.

■ It is contended that the court erred in permitting the witness John T. Wall to testify regarding an agreement made between Dr. C. B. Crawford and Mrs. S. J. Wall that a fence built in 1915 would be the dividing line between the persons then owning the lands bounded by the original line between Lots 297 and 316. At that time Mrs. S. J. Wall owned the north part of Lot 316 (now owned by the defendant) and L. B. Crawford owned Lot 297 (now owned by the plaintiff).

The witness is a son of Mrs. S. J. Wall. He testified that the agreement was made between Dr. C. B. Crawford and the witness' father and mother. He stated that they agreed that a portion of fence, some three or four hundred feet in length, would be extended westward by Dr. Crawford "as near on the line as he could put it, and that would be the line between the properties." He testified that a survey had been made of the land-lot line, and the fence was supposed to have been built along the land lot-line, but "it zig-zagged, just wherever they could find a tree to tie it to, or dig a hole. That's pretty rough ground out there."

The testimony of this witness as to the agreement was objected to until it was established that Dr. Crawford was authorized to make the agreement for his father. The testimony of this witness as to the agency of Dr. Crawford for his father, L. B. Crawford, was that: L. B. Crawford was very old at the time of the agreement. Dr. Crawford "looked after all of the L. B. Crawford estate." When asked what Dr. Crawford

did with reference to his father's property, the witness stated: "Well, he looked after the renting of it; he built the fence; and he made the agreement with my mother and father as to where the fence was to be put." The witness further stated that Dr. Crawford paid one-half the cost of a road involved in the agreement. The trial judge on this evidence as to the authority of Dr. Crawford to act as agent of his father, permitted the witness to testify concerning the agreement between Dr. Crawford and Mrs. Wall.

This evidence was insufficient to show that Dr. Crawford was agent of his father for the purpose of agreeing to the establishment of a boundary line between the father's property and the property of an adjoining owner. The authority of an agent in a particular matter can not be established by evidence that he performed acts as agent in that matter. Mainly the evidence as to the agency of Dr. Crawford pertained to his actions in the agreement and building the fence. Other than this, the witness knew only that Dr. Crawford "looked after" his father's property and rented it. An agent with authority only to rent and look after land would not have authority to agree that a line different from the true line would become the dividing line between the property of his principal and the adjoining landowner.

Since the evidence failed to establish that Dr. Crawford was authorized to make the agreement for the owner, L. B. Crawford, it was error to allow the witness to testify as to the agreement made by Dr. Crawford with the adjoining property owner. See *Jones v. Harrell,* 110 Ga. 373 (3) (35 SE 690) ; *Becker v. Donalson,* 133 Ga. 864, 867 (67 SE 92) ; *Faucett v. Rogers,* 152 Ga. 168 (4) (108 SE 798) ; *Durrence v. Groover,* 160 Ga. 680 (8) (129 SE 29) ; *Watts v. Pettigrew,* 207 Ga. 654 (63 SE2d 897).

The question of agency should not have been submitted to the jury, and it is unnecessary to rule on the contention that the court erred in failing to make an additional charge on the authorization of an agent.

■ Error is assigned on the failure to charge the jury that if the property line was not in dispute, uncertain, or unascertained, the line could not be established either by oral agreement or acquiescence.

In his charge on the establishment of a dividing line by parol agreement the trial judge charged that where the line is indefinite, unascertained, or disputed, the owners may agree on a line. This was a sufficient charge on this principle as to an oral agreement.

In his charge on the establishment of a line by asquiescence of the adjoining landowners for a period of seven years, the judge did not charge that the line must be in dispute, uncertain, or unascertained. Counsel for the plaintiff called this deficiency in the charge to the attention of the judge at the conclusion of the charge.

In *Warwick v. Ocean Pond Fishing Club*, 206 Ga. 680, 684 (58 SE2d 383), it was held that in order to establish a boundary line by either parol agreement or acquiescence, the line must be in dispute, uncertain, or unascertained, the court stating that: "Sound logic compels the conclusion that the dividing line is in both instances established by proof that the adjoining owners agreed thereto, the agreement being expressed in one case and conclusively implied in the other, and therefore the requirement that the line be in dispute, uncertain, or unascertained is essential in both cases alike. If it is required when there is an express agreement, then it is even more necessary where an implied agreement is relied upon."

It was error to omit from the charge on acquiescence for seven years that the line must be in dispute, uncertain, or unascertained.

■ It is contended that the court erred in failing to charge the jury that prescription does not run against minors. There is no evidence that any predecessor in title of the plaintiff was a minor, unrepresented by a guardian (see *McCrary v. Clements*, 95 Ga. 778 (22 SE 675), and there is not merit in this assignment of error.

■ Error is assigned on the failure of the judge to charge that the burden of proof is on the defendant to prove all of the elements of adverse possession. The judge charged the jury that where the defendant asserted an affirmative defense, he was required to prove the allegations by a preponderance of the evidence, and defined preponderance of the evidence. In the

absence of a written request for a more specific charge on the burden of proof as to the affirmative defense of adverse possession, this charge was sufficient to place the burden on the defendant to prove each of his affirmative defenses. See *Palmer v. Hinson*, 201 Ga. 654, 657 (40 SE2d 526).

■ Because of the errors pointed out in Divisions 3 and 4, the judgment in favor of the defendant must be set aside.

*Judgment reversed. All the Justices concur.*