27662. HOLZENDORF et al. v. SHEFFIELD.

GUNTER, Justice. The appellants, plaintiffs below, brought an equitable action against the appellee seeking to set aside a warranty deed executed, delivered, and recorded in 1956. The grantor in the deed was the appellant's mother who died intestate on October 7, 1957. The appellants' action was filed in the trial court on November 25, 1970, and the case was tried before a jury in April of 1971. The jury returned a verdict in favor of the appellee, the trial court entered judgment pursuant to the verdict, the trial court overruled the appellants' motion for a new trial as amended, and the case is now here for review.

The appellants have enumerated seven errors, the first asserting error on the usual general grounds and the other six complaining about the court's charge to the jury.

With respect to the first error enumerated, we have reviewed the transcript of evidence and conclude that the evidence was adequate to support the verdict of the jury.

The other six enumerated errors relate to the charge of the court, and at the conclusion of the charge the only exceptions thereto by counsel for the appellants were as follows: "I believe the plaintiffs would except to the charge, not as much to what was said, but what was not said. Again we would set forth the theory that if possession is shown in the plaintiffs that regardless of fraud then the jury could consider what the intentions of the parties are. Also, we believe that possession shown in the plaintiffs would cast some burden upon the defendant to explain that burden as set out in our request to charge."

These were the only exceptions to the charge, and it is clear to us that these exceptions contained in the record actually bear no direct relation to the enumerated errors complaining about the charge of the court.

Code Ann. § 70-207 (a) is, in part, as follows: " . . . In all civil cases, no party may complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury, and objection need not be made with the particularity of assignments of error (abolished by this law) and need only be as reasonably definite as the circumstances will permit."

Subsection (c) of that same statute authorizes the

Appellate Courts to consider and review erroneous charges where there had been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made pursuant to Subsection (a).

Having reviewed the charge of the court, we conclude that proper objection was not made to it pursuant to Subsection (a) of Code Ann. § 70-207; and we further conclude that there was not substantial error in the charge which was harmful as a matter of law to the appellants so as to require the reversal of the judgment and a new trial. Therefore, the enumerated errors complaining of the charge of the court are without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 8, 1973 — DECIDED APRIL 25, 1973.

*Herbert Johnson, Allen J. Hammer,* for appellants.

*Harrison & Laseter, Robert W. Harrison, Jr.,* for appellee.