## 29120. RUTLAND v. TAYLOR.

NICHOLS, Presiding Justice.

Taylor, as the owner of acreage which abutted the west boundary of Land Lot 295 in Tift County, filed an equitable complaint against Rutland who owned land, the western boundary of which was the dividing line between Land Lots 295 and 294, Land Lot 295 lying westerly of Land Lot 294. Taylor sought damages in addition to an injunction. The jury hearing the case found for Taylor, and Rutland filed the present appeal after his motion for judgment non obstante veredicto or in the alternative, a motion for new trial was overruled.

A review of the almost 300 pages of testimony adduced upon the trial of this case discloses that the real factual issue involved is the boundary line between the

two tracts of land. Neither deed purports to have included therein any land which is included in the other's deed.

1. In *Kiker v. Anderson,* 226 Ga. 121, 122 (172 SE2d 835), it was held that the trial court did not err in refusing to permit the plaintiff to testify that "he had never acquiesced in the fence being the line." It was there held that "in order to establish a dividing line, acquiescence in a boundary line for seven years must be by acts and declarations of the adjoining landowners. Code § 85-1602; *Thompson v. Simmons,* 143 Ga. 95 (84 SE 370). There was no error in refusing to permit the plaintiff to testify to the conclusion that he had not acquiesced in the fence as a boundary line."

Here the question asked was "Since 1954 when you had that conversation with Mr. Rutland in regard to that, or in regard to his building the fence and subsequent to that time, had you ever agreed with Mr. Rutland or acquiesced in his claim that that fence was the line?" While the question asked in *Kiker,* supra, and the question asked here both use the word "acquiesced" yet here the question as a whole shows that the witness was being asked if he had said anything or done anything to agree with the appellant's contentions as to the locations of the line and was not being asked merely for a conclusion as was done in the *Kiker* case, supra. The trial court did not err in overruling this objection to the evidence.

2. At the conclusion of the court's charge, the appellant objected to the failure of the trial court to instruct the jury. "Established lines and not new ones are to be fixed and determined: the locations of lines, not as they ought to be, but as they actually exist, is to be sought." This rule relates to the duties of processioners in fixing and marking anew established lines. See *Boyce v. Cook,* 140 Ga. 360 (78 SE 1057) and *Strickland v. Nalley,* 108 Ga. App. 311, 312 (132 SE2d 849). On appeal, in a processioning case to the superior court other issues, other than the location of the line upon the face of the earth, may be considered in determining the location of the boundary line between the parties. See *Earney v. Owen,* 213 Ga. 412 (99 SE2d 201). The requested charge under the facts of this case would have erroneously

limited the jury's consideration and was properly refused.

Under the decision of this court in *Holzendorf v. Sheffield,* 230 Ga. 497 (197 SE2d 701), the remaining enumerations of error relating to the failure of the court to charge particular Code sections will be reviewed only to determine if such failure constituted substantial error.

A review of the court's instructions to the jury discloses that the contentions made by the appellant in his enumerations of error as to charges that should have been given to the jury were covered generally, though not in the exact language of the Code sections relied upon. Under such circumstances no reversible error is shown.

3. In *Crawford v. Cook,* 204 Ga. 654 (1, 3) (51 SE2d 422), it was said: " 'Where each of two coterminous proprietors recognizes the ownership of the other, and that the tract of each is bounded by that of the other, the ascertainment of the true line between them fixed the extent of their respective tracts.' *Phillips v. O'Neal,* 87 Ga. 727 (13 SE 819); *Richardson v. Pitts,* 127 Ga. 107 (56 SE 105); *Shirley v. Byrd,* 162 Ga. 598, 604 (134 SE 316) . . . The deeds of the parties did not show any overlapping of description as to title, and the fixing of the dividing line as claimed by the plaintiff necessarily determined that the defendants never had color of title to the portion of the land in dispute, because the eastern boundary of the defendants' land was identical with the western boundary of the plaintiff's land . . ."

The evidence in the present case disclosed that while the appellant had purchased his land between 20 and 21 years prior to the institution of the present case by the appellee, he had not fenced such area 20 years prior to the institution of this action. The evidence did not require a finding that any use prior to the time he had the area fenced was such adverse possession as would ripen into ownership. The jury was authorized to find that the true dividing line between the parties was the line contended for by the appellee Taylor. Accordingly, the trial court did not err in overruling the usual general grounds of the appellant's motion for new trial nor in denying his motion for judgment non obstante veredicto.

*Judgment affirmed. All the Justices concur.*

896

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 1, 1974 —
REHEARING DENIED OCTOBER 9, 1974.

*Kelley & Allen, Roy Benton Allen, Jr.,* for appellant.
*Reinhardt, Whitley & Sims, John S. Sims, Jr.,* for appellee.