## 55010. FOSTER et al. v. HARMON.

McMURRAY, Judge.

This case involves a suit for damages arising out of a collision of motor vehicles. A tractor type truck (mobile home "toter") driven by Robert E. Harmon, swerved to the left crossing the center line and struck a vehicle driven by Douglas Lamar Foster, driving in his right-hand lane and proceeding in the opposite direction of the tractor.

Douglas Lamar Foster and Mary Foster as plaintiffs sued Robert E. Harmon and Family Mobile Homes, a proprietorship, for damages. In Count 1 Foster, who was involved in the collision as driver of the vehicle which was struck by the tractor type truck, sought damages in the amount of $300,000 for his past, present and future pain and suffering; loss of earnings, past, present and future; medical expenses, past, present and future; for his diminished capacity to earn and for his property damages. In Count 2 his wife, Mary Foster, sought damages in the amount of $100,000 for the loss of consortium of her husband, as well as her expenses created by the necessity of caring for her husband while he was hospitalized, as well as the mental stress and anxiety resulting from her husband's unemployment, and the necessity for her to care for her family during this period of his absence. Only Harmon was served, and he answered, denying the averments of the complaint, adding defenses of accident, the negligence of plaintiff in blinding him with his high beam lights on the occasion in question, and urging that if he was guilty of any negligence same was equaled or exceeded by the negligence of plaintiff.

The case proceeded to trial resulting in a verdict for the plaintiff, Douglas Foster, in the amount of $75,638, as to Count 1; and in the amount of $6,500 for Mary Foster as to Count 2. Separate judgments were entered by the court as to each plaintiff, husband and wife, in conformity with the verdicts returned. The plaintiffs, being dissatisfied with the verdict, filed motion for new trial which was denied, and plaintiffs appeal. *Held:*

1. During the cross examination of Douglas Foster the defendant was allowed to have admitted in evidence testimony of the existence of a disability policy of insurance for the purpose of showing plaintiff husband's motive in not returning to work. Plaintiffs objected to this testimony basing their objection upon the decision in *Richmond County Hosp. Auth. v. Haynes,* 121 Ga. App. 537 (2) (174 SE2d 364), which holds that a plaintiff's receipt of social security benefits is not admissible to show plaintiff's motive for not returning to work. At page 542 of that opinion this court held that such evidence (railroad retirement, public assistance, social security and veteran's pension benefits) is not admissible on the question of duration of disability to show motive for absence from work, in view of the likelihood of misuse by the jury and because there generally would be other evidence of malingering which would have more probative value and involve less likelihood of prejudice. While counsel for defendant argues that the testimony introduced in regard to the disability payments received under the insurance policy was submitted merely to show that the payments would be ordinarily denied to the plaintiff-husband if he returned to work, nevertheless the purpose was the same, that is, to show plaintiff's motive for absence from work, as was the issue in the *Richmond County* case. The trial court erred in allowing this testimony in evidence. Counsel for defendant cites Code Ann. § 81A-161 (§ 61, CPA: Ga. L. 1966, pp. 609, 664) that since a verdict and judgment was returned in favor of the plaintiffs that the admission of evidence was harmless. Nevertheless we have no way of determining whether or not the jury mitigated the damages in any amount in the consideration of this testimony. We cannot say that the error was harmless to the plaintiff-husband. See *Lively v.*

*Thompson,* 88 Ga. App. 31, 35 (75 SE2d 846), "Ordinarily, error is presumed hurtful unless it appears to have had no effect upon the result of the trial." *Rogers v. Johnson,* 94 Ga. App. 666, 682 (96 SE2d 285).

2. The next enumeration of error argued by the plaintiffs is a charge by the court that if the jury should find from the evidence in this case, "that neither Plaintiff nor Defendant were guilty of negligence, then any injuries or damages would be the result of an accident." It is true that this was one of the defenses that the defendant urged. However, the evidence is without dispute that the vehicle driven by the defendant Harmon proceeding in an opposite direction to that of the vehicle driven by plaintiff-husband proceeded across the center of the two-way roadway and collided with the plaintiff-husband's vehicle. Defendant contends he was blinded because of the headlights of the approaching vehicle and the rain on the windshield. There simply was no evidence here whatsoever which would authorize the defense of accident.

3. The only other enumeration of error argued is to a charge by the court that if the plaintiff-husband, "with the exercise of ordinary care, could have avoided the consequences of the Defendant's negligence, if you find the Defendant was negligent, after such negligence arose he was intending then that the Plaintiff could not recover." Objection was made after the charge by plaintiffs that there was no evidence in the case which would authorize or sustain a charge on avoidance and that the charge would be misleading and therefore harmful to the plaintiffs. The charge is misleading in that it is seemingly garbled and confusing as to the exact meaning the court was making to the jury; however, there was some evidence that the plaintiff-husband was proceeding at a speed which may have prevented him from avoiding the collision even though he testified he was not aware of the vehicle approaching into his lane. Under the objection made we cannot say there was no evidence to authorize the charge by the court, although the charge cannot be condoned as being a correct statement of the law in respect thereto.

4. However, as to Divisions 2 and 3 above with

respect to the court's charges as to accident and avoidance where the jury finds in favor of the plaintiffs the charges complained of cannot be held to be harmful as a matter of law. See in this connection *Howard v. Gardner,* 128 Ga. App. 545, 546 (2) (197 SE2d 386); and *Pilkenton v. Eubanks,* 139 Ga. App. 673, 675 (5) (229 SE2d 146).

5. The remaining enumeration of error argued by the plaintiff-wife is that the court erred in charging on the loss of consortium of the husband, stating that the wife was contending "that she had lost the consortium of her husband up to the present time," when, in fact, the husband actually suffered permanent injuries and this charge limited the recovery of loss of consortium from the date of injury to the date of trial. However, when a suitable opportunity was given for the parties to make exceptions to the charge, no such objection or exception was made. When a party fails to object to a jury charge at the time of trial he is precluded from alleging error on appeal as to that ground. See Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078); *Holzendorf v. Sheffield,* 230 Ga. 497, 499 (197 SE2d 701). No objection having been made and finding no substantial error which was harmful as a matter of law so as to require a reversal on this charge, this enumeration of error is deemed not to be meritorious. See *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383).

6. For the reason stated in Division 1 a new trial will be required as to the plaintiff-husband. However, since we find no reversible error which would affect the judgment and verdict as to the plaintiff-wife's loss of consortium that portion of the judgment must be affirmed.

*Judgment reversed in part and affirmed in part. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED MARCH 9, 1978 —
REHEARING DENIED MARCH 28, 1978 —
CERT. APPLIED FOR.

*Albert B. Wallace,* for appellants.
*Swift, Currie, McGhee & Hiers, Clayton H.*

*Farnham, Paul B. Butler, Jr.,* for appellee.

