## 45726. SACKETT et al. v. WILSON.
(373 SE2d 10)

BELL, Justice.

This case, which concerns a contract for the sale of real estate, is related to the case of *Johnson v. Sackett*, 256 Ga. 552 (350 SE2d 419) (1986). In the instant case the trial court granted partial summary judgment to the plaintiff, W. T. Wilson, and the defendants, James and Andrew Sackett, appealed. Their appeal raises issues of sufficiency of the description of the property in the sales contract, unclean hands, and mutual mistake. We affirm for the reasons that follow.

The Sacketts contracted to sell a parcel of land in Gwinnett County to Wilson. Wilson's subsequent title search disclosed a lis pendens filed by Johnson, who had previously contracted to purchase the same land from the Sacketts. Johnson and Wilson filed separate actions against the Sacketts, with Johnson filing first. Johnson sought

specific performance, damages, or both. *Johnson*, supra, 256 Ga. at 552. In the *Johnson* case the trial court granted summary judgment to the Sacketts on the ground that the sales contract lacked a sufficient legal description. Johnson appealed and we reversed.

Wilson's complaint included claims for specific performance and breach of contract. In their answer to his complaint the Sacketts alleged that the contract between them and Wilson lacked a sufficient legal description of the property, and that Wilson came into court with unclean hands because he knew of the existence of the Johnson-Sackett contract when he signed his contract (Wilson denies having such knowledge). The Sacketts also counterclaimed for expenses and attorney fees, alleging Wilson's claim was frivolous. OCGA § 9-15-14.

The trial court granted partial summary judgment to Wilson regarding liability on his claim for breach of contract and regarding the Sacketts' counterclaim.[1] The court ruled that the description of the property in the contract was sufficient, and that Wilson's knowledge of the Johnson-Sackett contract, if any, would not shield the Sacketts from liability for breach of contract. As we will explain, we think that both of these rulings are sustainable.

1. We will first consider the problem of the sufficiency of the contractual description of the property. The parties signed a one-page writing that contained a description of the subject property. In granting partial summary judgment the trial court indicated that it relied on a photocopy of a tax plat to augment the description of the property in the writing. The photocopy was stapled to the writing when the writing was signed, but the parties did not sign the photocopy, and the writing did not refer to the photocopy. The Sacketts contend that the description in the writing was legally insufficient without the photocopy, and that the trial court erred in using the photocopy to supplement the writing. With respect to the latter contention they assert that the photocopy was not a part of the contract, arguing that mere physical attachment to the signed document without more (e.g., signatures on the photocopy itself or incorporation of the photocopy by reference; c.f. *Johnson v. Sackett*, supra, 256 Ga.) did not make the photocopy part of the contract. However, in the instant case it is undisputed that the photocopy was stapled to the writing when the Sacketts signed the latter sheet of paper. We find that under these circumstances the Sacketts adopted the photocopy as part of the contract. See Restatement of the Law of Contracts 2d, § 132, Comment c. We therefore affirm the ruling of the trial court on this issue.

---

[1] The court also granted partial summary judgment to the Sacketts on the issue of the measure of damages for the breach of contract. Wilson did not cross-appeal this ruling. The court did not address Wilson's claim for specific performance, apparently because the Johnson-Sackett action was still pending.

2. The Sacketts assert that Wilson's knowledge of the prior contract between Johnson and the Sacketts should bar Wilson's claim, but in our opinion Wilson's knowledge is irrelevant because of our decisions holding that a seller may contract to convey property he does not own.

> While a seller cannot convey title to that which he does not own, "that does not prevent him from contracting to convey property to be acquired by him in the future. He may make the obligation conditional upon his being able to acquire title from someone else [cits.] but if he contracts absolutely, he will be bound by the terms of his agreement." 119 Ga. at 853. The sales contract here is unconditional as to title. "[I]f because of the want of title a decree for specific performance could not be rendered, this would not deprive the purchaser of his right to damages for the breach." 119 Ga. at 853. "A party may contract to convey property not then owned by him. If he is not able to make delivery by the consummation date, he will be liable in damages for breach of contract." *Williams v. Bell*, 126 Ga. App. 432, 434 (1) (190 SE2d 818) (1972).

*Smith v. Hooker/Barnes, Inc.*, 253 Ga. 514 (2) (322 SE2d 268) (1984).

3. The Sacketts allege that the Wilson-Sackett contract should be reformed on the ground of mutual mistake to show it was contingent on the Johnson-Sackett contract. However, "[t]his argument was not raised in the trial court and will not be considered on appeal. *Miness v. Miness*, 254 Ga. 658 (333 SE2d 574) (1985)." *Southerland v. Bradshaw*, 255 Ga. 455 (1) (339 SE2d 579) (1986).

4. Wilson's motion for frivolous-appeal penalties pursuant to Georgia Supreme Court Rule 14 is denied.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 26, 1988.

*Alford Wall*, for appellants.
*Gingold, Kaufman & Chaiken, Robert J. Kaufman, Frederic Chaiken*, for appellee.