## S91A0276. LYDAY v. BURKES et al.
### (405 SE2d 472)

FLETCHER, Justice.

Bessie B. Burkes, a resident of Glynn County, died intestate in 1977, leaving an estate which consisted primarily of a subdivision lot on St. Simons Island. Burkes' niece, Rosia Smith, petitioned the probate court for and was granted permanent letters of administration. Subsequently, the administratrix filed a petition in the probate court under the provisions of OCGA § 53-8-34 seeking leave to sell the real property at private sale in order to pay debts of the estate and for distribution. While neither petition listed appellee Billie Gene Burkes as an heir-at-law, 11 other persons, including sisters, nieces and nephews, were listed as the heirs-at-law, and these persons were properly served in the latter proceeding under OCGA § 53-8-34. Each of the above proceedings appears valid on its face.

In its order, dated December 5, 1977, authorizing the administratrix to sell the real property to appellant Grace Lyday for the stated purposes, the probate court found that the transaction was fair and in the best interests of the estate, and that the sales price reflected the fair market value of the property. On December 6, 1977, the property was sold to Lyday pursuant to the terms of the court order and an appropriate administratrix's deed was delivered to Lyday.

The parties have stipulated that the sale was arranged by a realtor; that there is no known connection between the administratrix and Grace Lyday; that Billie Gene Burkes is the son and only heir-at-law of Bessie B. Burkes, was incarcerated at the time of the sale and had no notice of the sale; and that the sale by the administratrix to Lyday was made pursuant to the court order which appeared proper on its face.

Billie Gene Burkes filed this action on December 5, 1984, maintaining that title to the property is vested in him as the only heir-at-law of Bessie B. Burkes and seeking a decree vesting title in him and an award of mesne profits. The trial court granted Burkes' motion for partial summary judgment, finding that legal title to the property vested in Burkes upon the death of Bessie B. Burkes. The trial court

decreed that title vests in Burkes and that appellant Grace Lyday has no interest in the property.

1. An order of a probate court granting an administrator of an estate the authority to sell land of the estate may not be collaterally attacked if the order is valid on its face. *Copelan v. Kimbrough*, 149 Ga. 683 (1) (102 SE 162) (1919).

> "The order of the court of ordinary granting leave to an administrator to sell lands belonging to the estate he represents is his authority for so doing. . . . The order to sell, being a judgment of a court of competent jurisdiction, imports legally a necessity for the sale, and such judgment cannot be attacked and set aside collaterally. It is not only leave to sell, but it is a judgment of the court that such sale will be for the benefit of the heirs and creditors of the estate. . . ."

Id. at 685-686.

The record in this case shows that the probate court's order is valid on its face and that the sale was conducted pursuant to the terms of the probate court's order. Under these circumstances,

> [t]he sale of real estate . . . by an administrator who is duly authorized to sell by an order of the court of ordinary, to an innocent purchaser, divests the title of the heirs, although there may be irregularities.

Id. at 686; *Sangster v. Toledo Manufacturing*, 193 Ga. 685, 694 (19 SE2d 723) (1942).

OCGA § 53-8-46 codifies this rule and additionally provides that "[i]f there are irregularities in the sale or if [the administrator] fails to comply with the law as to the mode of the sale, the sale shall be voidable *except as to innocent purchasers*." (Emphasis supplied.)

In this case the sale was made pursuant to an order of the probate court which is valid on its face. Thus, the sale divested appellee of his title in the property and is not voidable as to appellant Lyday who is undisputedly an innocent purchaser for value. Therefore, the trial court erred in granting summary judgment to appellee on this issue.

2. Due to our holding in Division 1, we find it unnecessary to address appellant's remaining enumeration of error.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents and Benham, J., who concurs in the judgment only.*

DECIDED JUNE 26, 1991 —
RECONSIDERATION DENIED JULY 24, 1991.

*William E. Dismer,* for appellant.
*James V. Pleasants, Edward E. Boshears,* for appellees.