A10A1736. MACEDONIA BAPTIST CHURCH OF ATLANTA
v. LIB PROPERTIES, LTD.
(707 SE2d 380)

ANDREWS, Judge.

This appeal arises from the bench trial of a counterclaim for a declaratory judgment brought by LIB Properties, Ltd. against the plaintiff/defendant-in-counterclaim, Macedonia Baptist Church of Atlanta (MBCA), by which LIB sought a declaration that a loan note and a security deed were valid and enforceable against MBCA. MBCA appeals from the trial court's grant of declaratory judgment in favor of LIB, and for the following reasons, we reverse.

Acting through church members, MBCA, an unincorporated association, brought suit on March 30, 2007, against LIB, Macedonia Baptist Church of Atlanta, Inc. (MBCA, Inc.), and Scottie L. Cousins and Alan Moon (both church members). The suit claimed that, without authority of the church membership, Cousins and Moon incorporated MBCA, Inc. as a nonprofit corporation in January 2007, and that Cousins attempted to name himself as pastor of the church and take control of church property from the existing pastor, Daniel Dickson. The suit also alleged that Cousins signed documents on

March 7, 2007, as president of MBCA, Inc. by which the corporation obtained a loan from LIB in the amount of $202,500, and gave LIB a note in that amount and a security deed over vacant real property owned by the church. The suit sought various damages along with injunctive relief preventing LIB from foreclosing against MBCA on the note and security deed or otherwise encumbering church property. LIB answered and filed a counterclaim against MBCA seeking a declaratory judgment validating the note and the security deed.[1]

Without objection from any party, the trial court held a bench trial on LIB's counterclaim for declaratory judgment, and at the conclusion of the trial entered a judgment in favor of LIB against MBCA declaring the validity of the note and the security deed. The trial court considered the following evidence. The church was originally incorporated as a nonprofit corporation in January 2001 under the name Macedonia Baptist Church of Atlanta, Inc. In July 2001, this original corporation was deeded title to the real property, including vacant land, owned by the previously unincorporated church. The vacant real property deeded to the original corporation in July 2001 was the same vacant real property described in the 2007 security deed given by MBCA, Inc. to LIB. The vacant real property deeded to the original corporation in July 2001 was held subject to a mortgage note and security deed given by the original corporation in October 2001 to Capital City Bank & Trust Company (Capital City). In January 2007, the church pastor, Dickson, asked Cousins, who worked for the church and was also a mortgage broker, to look for a new mortgage loan for the church. In doing so, Dickson authorized Cousins to receive church financial records and to obtain loan offers. In January 2007, Cousins approached LIB for a loan and represented that he was acting on behalf of the church as the church pastor and as the president of the nonprofit corporation, MBCA, Inc., which he incorporated in January 2007. The record shows that, because of failure to pay fees, the original corporation was administratively dissolved by the Secretary of State in 2005. The original corporation remained administratively dissolved in January 2007 when Cousins incorporated MBCA, Inc. as a new nonprofit corporation using the same corporate name as the administratively dissolved corporation. When MBCA, Inc. entered into the loan transaction with LIB on March 7, 2007, and gave the note and security deed to LIB, the original corporation was still administratively dissolved. There is no evidence that the original corporation or MBCA, which filed the

---

[1] LIB also counterclaimed against MBCA on the basis of equitable subrogation and unjust enrichment, and cross-claimed against Cousins and Moon for unjust enrichment, fraud, indemnification, and contribution.

YALE LAW LIBRARY

present suit as an unincorporated association, authorized or had prior knowledge of the loan transaction with LIB. Shortly after learning about the LIB loan transaction, MBCA filed the present suit on March 30, 2007. Although the original corporation remained administratively dissolved when the present suit was filed, it eventually paid the necessary fees and, prior to the bench trial, was reinstated by the Secretary of State with its original corporate name, Macedonia Baptist Church of Atlanta, Inc. We hereafter refer to the administratively dissolved and reinstated original corporation (incorporated in January 2001) as Original MBCA, Inc.; we refer to the new corporation using the same name (incorporated by Cousins in January 2007) as New MBCA, Inc.; and we refer to the unincorporated association which brought the present suit as MBCA Association.

Accordingly, evidence showed that the loan was made by LIB to New MBCA, Inc. on March 7, 2007, based on loan documents and a $202,500 note given by New MBCA, Inc. to LIB, all signed by Cousins as the president of New MBCA, Inc. The loan was secured by a March 7, 2007 security deed given to LIB over the same vacant real property deeded in July 2001 to Original MBCA, Inc. The security deed was given to LIB by New MBCA, Inc., and was signed by Cousins as the president of New MBCA, Inc. A title search and a search of corporation records kept by the Secretary of State was performed for LIB in conjunction with the loan closing and security deed. These searches showed that the vacant real property at issue was deeded in July 2001 to Original MBCA, Inc.; that title to the real property was subject to the security deed given by Original MBCA, Inc. in October 2001 to Capital City; that Original MBCA, Inc. remained administratively dissolved at that time; and that New MBCA, Inc. was incorporated by Cousins in January 2007 using the same corporate name as Original MBCA, Inc. There was no evidence of any deed from Original MBCA, Inc. conveying title to the real property to any other entity. When asked whether there was concern that no deed existed in the chain of title conveying title to the real property from the administratively dissolved Original MBCA, Inc. to New MBCA, Inc., the attorney who closed the loan for LIB testified that Cousins told him that the Secretary of State instructed him "to reincorporate because it would be faster than having the old corporation reinstated." Apparently concluding that Original MBCA, Inc. and New MBCA, Inc. were one and the same corporation and that no deed conveying title to the real property to New MBCA, Inc. was necessary, the closing attorney testified that "the corporation had been reformed using the same name as it had before," but with different officers and a different address. Relying on this conclusion, LIB's $202,500 loan to New MBCA, Inc. closed on March 7, 2007, and

New MBCA, Inc. gave LIB a $202,500 note and a security deed over the real property. Loan proceeds obtained by New MBCA, Inc. from LIB in the amount of $113,608.61 were used to pay off and release the existing note and security deed given by Original MBCA, Inc. to Capital City, and about $14,000 of the loan proceeds was used to pay overdue property taxes owed on real property owned by Original MBCA, Inc. After suit was filed by MBCA Association, the balance of the loan proceeds paid by LIB to New MBCA, Inc. was placed by agreement of the parties in the registry of the trial court.

Based on this record, LIB contended on two alternative grounds that it was entitled to a declaratory judgment affirming that MBCA Association was bound by the March 2007 loan note and the security deed. LIB contended that MBCA Association was bound because (1) it authorized its agent, Cousins, to enter into the loan transaction on its behalf, or (2) it subsequently ratified the loan transaction made on its behalf by its agent, Cousins, who acted without authority.

To establish the first alternative, LIB was required to show that Cousins was MBCA Association's agent authorized to enter into a loan transaction on its behalf. Although there was evidence that MBCA Association authorized Cousins to act as its agent to look for and obtain offers for a new mortgage loan, there is no evidence that MBCA Association authorized Cousins to enter into a loan transaction on its behalf. But even if MBCA Association had authorized Cousins to enter into a loan transaction on its behalf, Cousins did not enter into the loan transaction with LIB on behalf of MBCA Association. Rather, Cousins signed the note and the security deed as president of New MBCA, Inc. in a loan transaction between New MBCA, Inc. and LIB. There is no evidence that MBCA Association authorized Cousins to incorporate New MBCA, Inc., name himself as president, and represent that this newly created corporation controlled the church and its property. In fact, the record shows that, even though it was administratively dissolved at the time of the loan transaction, Original MBCA, Inc. continued its corporate existence apart from New MBCA, Inc., and that Original MBCA, Inc. retained title to the real property described in the security deed given by New MBCA, Inc. to LIB. OCGA § 14-3-1421 (c).[2]

To establish the second alternative, LIB was required to show

---

[2] There is evidence in the record that, during the pendency of the suit, Original MBCA, Inc. was reinstated by the Secretary of State. While administratively dissolved, the nonprofit corporation "may not carry on any business except that necessary to wind up and liquidate its business and affairs under Code Section 14-3-1406." OCGA § 14-3-1421 (c). But "[w]hen the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." OCGA § 14-3-1422 (d). No issue was presented in this appeal as to whether Original MBCA, Inc. was the real party in interest.

that MBCA Association subsequently ratified the unauthorized acts of its agent, Cousins, taken on its behalf. "Ratification may occur if a business entity accepts the benefits of an act done by another on its behalf, although that person had no actual or apparent authority to act for the business." (Footnote omitted.) *Rains v. Dolphin Mtg. Corp.*, 241 Ga. App. 611, 614 (525 SE2d 370) (1999). Nevertheless, "a principal cannot ratify a contract which is not in the first instance made on its behalf." *Broyles v. Kirkwood Court Apartments*, 97 Ga. App. 384, 386 (103 SE2d 97) (1958); *Greene v. Golucke*, 202 Ga. 494 (43 SE2d 497) (1947). "An act can not be subject to ratification unless done in behalf of the person adopting it and attempting to ratify it." *Lemmons v. City of Decatur*, 215 Ga. 647, 648 (112 SE2d 597) (1960); *Witcher v. JSD Properties, LLC*, 286 Ga. 717, 720 (690 SE2d 855) (2010). As set forth above, Cousins was not acting on behalf of MBCA Association when he signed the note and security deed in his capacity as president of New MBCA, Inc. Rather, he was acting on behalf of New MBCA, Inc., a corporation he created for his own purposes, and which had no legal title to the property it purported to convey in the security deed given to LIB. Thus, even if MBCA Association accepted the benefits of the loan transaction by accepting the benefit of payment made to Capital City on the existing mortgage loan and payment of overdue property taxes, it was not bound by ratification to the terms of the note or the security deed given by New MBCA, Inc. to LIB.

It follows that the trial court erred by entering a declaratory judgment in favor of LIB declaring that MBCA Association was bound under principles of agency or ratification to the terms of the March 2007 note and security deed.

*Judgment reversed. Ellington, C. J., and Doyle, J., concur.*

DECIDED FEBRUARY 9, 2011.

*Carmelia M. Jackson*, for appellant.
*Morris, Manning & Martin, John H. Williamson, Adamson B. Starr, Nathaniel C. Wheelwright, Daniel B. Greenfield*, for appellee.